[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 17, 2010
JOHN LEY
CLERK

No. 09-15390
Non-Argument Calendar

_____

D. C. Docket No. 09-20041-CR-JAL

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARACELIS LLANOS,
a.k.a. Yvonne Rodriguez,
a.k.a. Sally,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 17, 2010)

Before BLACK, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Aracelis Llanos appeals her 18-month downward variance sentence imposed following her guilty plea to making false, fictitious, or fraudulent claims on tax returns, 18 U.S.C. § 287. Llanos asserts the district court imposed a substantively unreasonable sentence because two other defendants—Providencia Llanos and Caprice Battle—received only house arrest and probation instead of a custodial sentence. She argues the district court did not comply with § 3553(a)(6), which indicates one factor the court must consider is the need to avoid unwarranted sentence disparities. After review, we affirm Llanos's sentence.[1]

In proving a court abused its discretion in imposing a sentence, the party challenging that sentence "bears the burden of establishing that the sentence is unreasonable in the light of both that record and the factors in section 3553(a)." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). Though sentences within the Guidelines are not entitled to a presumption of reasonableness, the Guidelines are considered to be "central to the sentencing process" and the imposition of a sentence within the Guidelines is ordinarily expected to be reasonable. *Id.* at 787-88.

Specifically, § 3553(a)(6) "addresses unwarranted sentence disparities among federal defendants who are similarly situated . . . ." *United States v.*

---

[1]The substantive reasonableness of a sentence is reviewed for abuse of discretion. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).

*Docampo*, 573 F.3d 1091, 1102 (11th Cir. 2009), *cert. denied*, No. 09-7833 (U.S. Apr. 5, 2010). Prior to the Supreme Court's holding the Guidelines were advisory in *United States v. Booker*, 125 S. Ct. 738 (2005), we held "[d]isparity between the sentences imposed on codefendants is generally not an appropriate basis for relief on appeal." *United States v. Regueiro*, 240 F.3d 1321, 1325-26 (11th Cir. 2001).[2]

The district court imposed a substantively reasonable sentence. Llanos was responsible for a greater loss amount than Providencia or Battle. She also shoplifted three days after pleading guilty and lied about it to her probation officer. Under those circumstances, the district court did not abuse its discretion in imposing a custodial sentence because her situation was different and a different sentence was warranted. Thus, we affirm Llanos' sentence.

**AFFIRMED.**

---

[2] In this case, the parties are not strictly codefendants. Although the parties appear to have committed similar conduct under a similar set of facts, their cases were separate.

3